Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 15-0203-02 (ES) |
| v. | OPINION |
| **RASSOL CHINA** | |

**SALAS, DISTRICT JUDGE**

Before the Court is a motion for a reduction of sentence brought by *pro se* Defendant Rassol China under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. Nos. 112 ("Motion") & 124 ("Reply")).[1] The Government opposes release. (D.E. No. 122 ("Opp.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court **DENIES** the motion.

**I.  BACKGROUND**

On September 10, 2015, China pleaded guilty to a two-count information charging him with (i) distributing and possessing with intent to distribute a mixture and substance containing one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and (ii) conspiracy to distribute and possess with intent to distribute a mixture and substance containing one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (D.E. Nos. 42–44). On December 16, 2015, Judge Linares sentenced China to a term of imprisonment of 262 months on each count, to run concurrently. (D.E. Nos. 59–60). That sentence was the low end of the guidelines range.

---

[1]  Though the docket reflects China's reply as a second motion, the Court understands it as a reply to the government's opposition.

(D.E. No. 66 ("Sentencing Tr.")). Because China received credit for approximately 754 days served, he has an estimated release date of July 22, 2032, with good time credit. (D.E. No. 123, Ex. A). He is presently incarcerated at FCI Williamsburg in South Carolina. (Motion at 4; Opp. at 2; Reply at 1). He now moves for compassionate release under § 3582(c)(1)(A) on the basis that his underlying medical conditions—specifically, Type 2 diabetes and obesity—place him at risk of dire consequences if he were to contract COVID-19 while incarcerated.

## II.   LEGAL STANDARDS

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances. *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). Relevant here, 18 U.S.C. § 3582(c)(1) provides that in any case:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The United States Sentencing Commission has promulgated a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction where: (i) extraordinary or compelling reasons warrant a reduction in a defendant's sentence; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with

the § 3553(a) factors. *United States v. Brummett*, No. 6:07-0103, 2020 WL 1492763, at *2 (E.D. Ky. Mar. 27, 2020) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. SENTENCING COMM'N 2018)).[2]

### III. ANALYSIS

#### A. Exhaustion

Before moving for a reduction of sentence in court, a defendant must satisfy § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). This requires either that 30 days have passed since the receipt of a compassionate release request by a warden, *or* that the defendant has exhausted all administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

The government argues that, according to BOP records, China has not filed a petition for administrative relief and thus has failed to exhaust under § 3582(c)(1)(A). (Opp. at 2). In his reply, China responds, "I have exhausted the remedy under Section 603 of the FSA-2018 and 5050.60 from the Warden is attached." (Reply at 2). However, China did not provide any attachment backing that assertion. Instead, he provided the Court with a certificate of achievement for anger management, a certificate of achievement for basic cognitive skills, a certificate of completion for drug education, and a certificate of completion for smart investing. (*Id.* at 7–10). While the Court applauds China's efforts and achievements while incarcerated, those documents do not constitute proof that he has exhausted pursuant to § 3582(c)(1)(A). The Court thus denies China's motion for failure to exhaust. However, even assuming China exhausted, the Court still

---

[2] To the extent China requests that the Court place him in home confinement, the Court notes that it has no authority to grant such relief. The plain language of § 3582(c)(1)(A) gives the Court authority only to "reduce" the defendant's "term of imprisonment," not to modify defendant's place of incarceration. And "only the [BOP] has the actual authority to designate the place of incarceration." *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993); *see also United States v. Miles*, No. 11-0581, 2020 WL 1989290, at *1 n.2 (S.D.N.Y. Apr. 27, 2020).

denies his motion. *See Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 325 n.8 (3d Cir. 2005) (explaining that a court may assume hypothetical jurisdiction of a "statutory provenance").

## B. Extraordinary and Compelling Reasons for Reduction

Congress directed the Sentencing Commission to define the "extraordinary and compelling reasons" standard. *United States v. Alexander*, No. 19-0032, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020). The Sentencing Commission issued a policy statement in which an application note lists three specific circumstances that qualify as extraordinary and compelling; generally speaking, the enumerated circumstances include: (i) a terminal illness or a serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (ii) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (iii) certain family circumstances exist where the defendant would be the only available caregiver for his or her minor child, spouse, or registered partner. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). In addition, the Sentencing Commission included a catchall provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).

China argues that his Type 2 diabetes constitutes extraordinary and compelling circumstances for a sentence reduction because, in the event there is an outbreak in FCI Williamsburg, he will suffer dire consequences if he contracts COVID-19. (*See generally* Reply).[3]

---

[3]    China made no such argument in his motion. (*See generally* Motion). It was not until an unsolicited

4

Moreover, China's latest medical records indicate he is obese. (D.E. No. 123-4, Ex. E, Medical Records, at 5–9). Both Type 2 diabetes and obesity are diseases that the Centers for Disease Control and Prevention ("CDC") has placed on its list of medical conditions that place people of any age at increased risk for severe illness from COVID-19.[4] In the Court's view, China's two comorbidity factors constitute extraordinary and compelling reasons warranting compassionate release.

In its opposition, the government argues that China's diabetes is under control, and point out that he has lost weight in jail. (Opp. at 8). Both assertions are true, but they do not account for the fact that China's latest medical records indicate that he gained weight during the COVID-19 lockdown and is still obese. Moreover, the government's contention that China's diabetes is under control says very little about whether it *would* be under control if he contracted COVID-19.

The government does not argue that conditions at FCI Williamsburg are promising or that prison staff are taking necessary measures to contain the spread of COVID-19. And the Court has very limited information about FCI Williamsburg. The BOP's website reports that only 1 inmate and 4 staff members are, as of this writing, positive for COVID-19.[5] Moreover, the website reports that a substantial number of inmates at FCI Williamsburg have been vaccinated. However, "snapshots"—even as promising as these—"cannot minimize the impact of this pandemic on a prison population." *United States v. Amos*, No. 16-0292, 2020 WL 7022635, at *3 (D.N.J. Nov. 30, 2020). Indeed, these snapshots necessarily do not account for future numbers—numbers that

---

subsequent filing that China said he suffers from "Type 2 diabetes." (D.E. No. 118).

[4]   *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 15, 2021). Courts around the country have used the CDC's list as a guidepost for determining whether extraordinary and compelling reasons exist in COVID-19 compassionate release cases. *See, e.g.*, *United States v. Dent*, No. 18- 20483, 2020 WL 4783921, at *3 (E.D. Mich. Aug. 17, 2020); *United States v. Henries*, No. 00-0788, 2020 WL 4727090, at *2 (D.N.J. Aug. 14, 2020); *United States v. Henry*, No. 04-0004, 2020 WL 4748537, at *5 (D. Md. Aug. 17, 2020).

[5]   *See Federal BOP COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 15, 2021).

might be impacted by inmates moving between prisons, how long the vaccine is effective, and potential new strains of the virus. Thus, in light of China's medical history, and the limited information the Court has with respect to possible future conditions at FCI Williamsburg, the Court finds there are extraordinary and compelling circumstances that warrant release.

### C. Section 3553(a) Factors

But despite those circumstances, consideration of the § 3553(a) factors warrants against granting China compassionate release. The applicable § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a); *United States v. Brown*, No. 07-0019, 2020 WL 2466081, at *4 (D.N.J. May 13, 2020). And "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a).

The nature and circumstances of the offense warrant against compassionate release. As outlined in China's presentence report, he was arrested on November 12, 2013, for his involvement in distributing large amounts of heroin in Newark, New Jersey. (Presentence Report ¶¶ 9–26). After agents arrived at the apartment where China and his co-conspirators distributed heroin, they knocked on the door and announced their presence. (*Id.* ¶ 25). China and others then fled in a car.

(*Id.* ¶¶ 14–15).  While attempting to drive away, China accelerated towards a police officer, who had to jump out of the way to avoid being struck.  (*Id.* ¶ 15).  China shortly thereafter hit a tree, which allowed the police to apprehend him.  (*Id.*).  Police recovered between one and three kilograms of heroin.  (*Id.* ¶¶ 30–31).  His offense—distributing and conspiring to distribute large amounts of heroin—is a serious crime deserving of severe punishment.  As the government points out, "the opioid epidemic in this country and this District" has "result[ed] in thousands of overdose deaths and the destruction of many lives."  (Opp. at 10).  And as the government pointed out in the sentencing hearing before Judge Linares, China has likely "played some part in destroying" his community—"not just the addict who buys drugs from him, but those addicts' families and the community at large."  (Sentencing Tr., at 10:4–11).  Moreover, the fact that he almost seriously injured a police officer while attempting to escape makes him more culpable.

The history and characteristics of China do not excuse his conduct and, if anything, counsel against release.  While the Court notes that China had a difficult upbringing—according to his presentence report and the sentencing transcript, he was born into poverty, may have been a ward of the State at some point in his life, and entered the drug trade at a young age—the crimes he committed became progressively worse until his most recent arrest.  He was arrested in almost every year of his life between ages 18 and 27.  (Presentence Report ¶¶ 52–66).  For the years he was not arrested, it appears he was serving time in jail.  Many of his offenses at a younger age were *relatively* minor (though still serious) until his latest arrest at age 32, which cannot be characterized as anything but serious.  When he was sentenced by Judge Linares on December 16, 2015, he appropriately received a career offender designation.

China's original sentence of 232 months of imprisonment reflected the seriousness of the offense, both in light of the offense itself and his criminal history.  His term of imprisonment serves

7

a deterrent effect on future potential heroin distributors. And considering his criminal history, his continued incarceration is appropriate to protect the public from his future lawbreaking. While the Court applauds China for making efforts to improve his life while incarcerated, see *supra*, more is needed to adequately address his criminal behavior so that he will be a productive member of society when he is eventually released.

An important factor to note, too, is that China has not served a substantial enough portion of his sentence. "Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors." *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020). As noted, China was sentenced to serve 262 months in prison and has an estimated release date of July 22, 2032. He has served less than 45% of his sentence. Releasing him now would be an extraordinary departure from the sentence Judge Linares imposed. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming denial of compassionate where the defendant sought to reduce a 30-year sentence into a 14-year sentence); *United States v. Santiago*, No. 05-0032-03, 2021 WL 311877, at *4 (E.D. Pa. Jan. 29, 2021) ("He has served 195 months, or approximately 62%, of his 319-month sentence. Granting a sentence reduction would severely undermine the statutory purposes of punishment."); *United States v. Bernard*, No. 14-0710, 2020 WL 6689798, at *5 (D.N.J. Nov. 12, 2020) ("In addition, Bernard has served less than 50% of the sentence, which factors against his request."); *United States v. Zubiate*, No. 18-0442, 2020 WL 3127881, at *3 (S.D.N.Y. June 12, 2020) (denying "compassionate release motion [that sought] a nearly three-quarters reduction of this sentence"); *United States v. Hamman*, No. 16-0185, 2020 WL 3047371,

at *5 (D. Or. June 8, 2020) (concluding compassionate release was inappropriate because, *inter alia*, the defendant "ha[d] served only about 50 percent of his sentence").

In sum, consideration of the § 3553(a) factors warrants against granting China compassionate release.

**IV.   CONCLUSION**

For the foregoing reasons, China's motion is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: June 16, 2021                                             */s/Esther Salas*
                                                                 **Esther Salas, U.S.D.J.**