**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Criminal Action No. 15-0203 (ES)** |
| **RASSOL CHINA,** | **OPINION** |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is a motion for a reduction of sentence brought by *pro se* Defendant Rassol China under 18 U.S.C. § 3582(c)(1)(A). (D.E. No. 163 ("Mov. Br.")). The Government opposes release. (D.E. No. 169 ("Opp. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court **DENIES** Defendant's motion.

**I.   BACKGROUND**

On September 10, 2015, China pleaded guilty to a two-count information charging him with (i) distributing and possessing with intent to distribute a mixture and substance containing one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and (ii) conspiracy to distribute and possess with intent to distribute a mixture and substance containing one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (D.E. Nos. 42–44). On December 16, 2015, the Honorable Jose L. Linares, U.S.D.J. sentenced China to a term of imprisonment of 262 months on each count, to run concurrently. (D.E. Nos. 59–60). That sentence was the low end of the guidelines range. (D.E. No. 66 ("Sentencing Tr.")). Because China received credit for

approximately 754 days served, he has an estimated release date of July 22, 2032, with good time credit. (D.E. No. 123).

On August 28, 2020, Defendant moved for compassionate release under § 3582(c)(1)(A) on the basis that his underlying medical conditions—specifically, Type 2 diabetes and obesity—placed him at risk of dire consequences if he were to contract COVID-19 while incarcerated. (*See* D.E. Nos. 112 & 124). In June 2021, this Court denied Defendant's motion for compassionate release. (*See* D.E. No. 127). First, the Court denied Defendant's motion because Defendant failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. (*See id.* at 3–4). Second, though the Court found that in light of the Defendant's cited medical conditions and the ongoing national COVID-19 pandemic "there [were] extraordinary and compelling circumstances that warrant[ed] release," the factors set forth in 18 U.S.C. § 3553(a) warranted against granting Defendant's motion for compassionate release. (*Id.* at 4–9).

On November 20, 2023, Defendant again moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).[1] (*See* Mov. Br.). He is presently incarcerated at United States Penitentiary (USP), Coleman in Florida. (*See id.*). Defendant contends that a reduction of sentence is warranted because (i) he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility; and (ii) there are other extraordinary and compelling reasons for his release. (*Id.* at 4). On February 8, 2024 the Government filed an opposition. (*See* Opp. Br.).

---

[1]  While Defendant also sought relief in his motion under Amendment 821, a recent amendment to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2) (*see* Mov. Br. at 5), the Court denied Defendant's request for relief under that amendment on April 16, 2024. (D.E. No. 173). As such, this Opinion only addresses Defendant's remaining request for relief under 18 U.S.C. § 3582(c)(1)(A).

2

## II. LEGAL STANDARD

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The statute provides in relevant part:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

"Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review,[2] and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10-0434, 2020 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing

---

[2] Here, the Government concedes that Defendant has provided the Court with documentation indicating the exhaustion requirement has been met. (Opp. Br. at 2 n.1).

3

18 U.S.C. § 3582(c)(1)(A)); *see also Raia*, 954 F.3d at 595.  At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if, after finding that extraordinary and compelling reasons warrant a reduction, such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and that the applicable sentencing factors under § 3553(a) warrant a reduction.  *United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020); *see also United States v. Castillo*, No. 12-0230, 2024 WL 453608, at *3 (E.D. Pa. Feb. 5, 2024) ("Only if a defendant's circumstances qualify as 'extraordinary and compelling' will the court look to Section 3553(a) factors to determine whether, at the court's discretion, a sentence reduction is warranted.") (citing 18 U.S.C. § 3582(c)(1)(A)).

In April 2023, the Sentencing Commission introduced changes to the requirements and definitions contained in § 3582, as well as the Guidelines' Policy Statements regarding matters to be considered in evaluating motions of this kind.  More specifically, Amendment 814, effective November 1, 2023,

> expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as follows: (1) additional "Medical Circumstances" subcategories; (2) modified Family Circumstances category; (3) new "Victim of Abuse" category; (4) modified "Other Reasons" category; and (5) new "Unusually Long Sentence" category.

*Castillo*, 2024 WL 453608, at *3 (citing U.S.S.G. § 1B1.13(b) (Nov. 1, 2023)).  "Notwithstanding these most recent changes, District courts wield considerable discretion in compassionate-release cases."  *United States v. McAdams*, No. 09-0737, 2024 WL 863380, at *3 (D.N.J. Feb. 29, 2024) (internal quotation marks omitted) (citing cases).

### III.  DISCUSSION

#### A.  **Extraordinary and Compelling Reasons for Reduction**

Defendant contends that there are extraordinary and compelling reasons for a reduction of sentence because (i) he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility; and (ii) there are other extraordinary and compelling reasons for his release.  (Mov. Br. at 4).  The Court considers these arguments in turn.

##### i.  **Medical Circumstances**

First, Defendant contends that there are extraordinary and compelling reasons for a reduction of sentence because he has a serious physical or medical condition; a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility, and he is not expected to recover from this condition.  (Mov. Br. at 4).  To support this assertion, Defendant provides that his medical circumstances include "Diabetes," and he asserts that he is currently being treated for his conditions with "Metformin," "Glipizide," and "Atorvastatin."  (*Id.* at 5).  In opposition, the Government contends that there is nothing in Defendant's motion or medical records to show that Defendant's conditions are non-treatable or rise to the level of medical severity that would warrant a reduction in sentence.  (Opp. Br. at 3).  The Government asserts that this is particularly true given that the national emergency related to the COVID-19 pandemic has ended and, as such, Defendant cannot argue that he is at a greater risk of death due to the ongoing COVID-19 pandemic.  (*Id.*).  For the following reasons, the Court agrees with the Government.

As stated above, the United States Sentencing Commission recently expanded the medical circumstances that may justify compassionate release. *See* U.S.S.G. Amend. 814, eff. Nov. 1, 2023. The Sentencing Commission provides, in relevant part, that extraordinary and compelling reasons may exist regarding the medical circumstances of the defendant when:

> B. The defendant is—
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B)(i-iii).

As the Government notes, there is nothing in Defendant's motion or medical records to show that Defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, from which he will not recover that substantially diminishes his ability to provide self-care within a correctional environment. (Opp. Br. at 3). A review of the Defendant's medical records reveals a clinical diagnosis for obesity, as well as Type 2 diabetes. Defendant is currently being treated for his conditions by a combination of prescriptions that include Atorvastatin, Glipizide, and Metformin. However, a review of the Defendant's medical records does not indicate to the Court that he has an illness from which he will not recover that *substantially* diminishes his ability to provide self-care within a correctional environment. And Defendant's motion does not otherwise explain how his self-care is limited by his medical problems. As such, Defendant has not presented any evidence that any illness has substantially diminished his ability for self-care; nor has he presented any evidence to indicate that he is not expected to recover from

6

his medical conditions.  Thus, no extraordinary and compelling reason for compassionate release exists on the grounds that Defendant is impaired in his ability to care for himself while in prison. *See, e.g.*, *McAdams*, 2024 WL 863380, at *4 (denying motion for compassionate release based on medical reasons where, other than his personal account of events and conclusory statements, the defendant did not provide the court with any supporting information to show that he was suffering from a "serious physical or medical condition"; a "serious functional [ ] impairment"; or, "deteriorating physical [ ] health because of the aging process, that <u>substantially</u> diminishes [his] ability to provide self-care within the environment of a correctional facility <u>and</u> from which he [ ] is not expected to recover."); *United States v. Newman*, No. 22-0031, 2024 WL 812041, at *1 (S.D. Ga. Feb. 27, 2024) (denying motion for compassionate release based on medical reasons where defendant did not present any evidence that any illness has substantially diminished his ability for self-care).

Additionally, unlike in 2020 when the Defendant argued that his medical conditions exposed him to a greater risk of death due to the ongoing COVID-19 pandemic, those same concerns do not exist at the same level today.  As the Government points out (Opp. Br. at 3), the federal government has declared an end to the national emergency related to the COVID-19 pandemic,[3] and as the Government points out (Opp. Br. at 3), of February 7, 2024, United States Penitentiary (USP), Coleman, where the Defendant is currently incarcerated, reported only one open case of COVID-19 across its facilities.[4]  *United States v. Ingram*, No. 10-0069, 2024 WL 1056027, at *5 (W.D.N.C. Mar. 11, 2024) (denying motion for compassionate release based on COVID-19 given that the federal government ended the national state of emergency related to

---

[3]     National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023).

[4]     Federal Bureau of Prisons, Intimate COVID-19 Data. https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

COVID-19 and there were only 6 reported cases of COVID-19 at the entire facility in which defendant was housed). Accordingly, the Court declines to exercise its discretion to find that Defendant has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release.

### ii. Other Reasons

Second, Defendant contends that there are other extraordinary and compelling reasons for his release. (Mov. Br. at 4). In the newly enacted Policy Statement to U.S.S.G. § 1B1.13, a court may consider "any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4)." U.S. Sent'g Guidelines Manual § 1B1.13(b)(5). Here, Defendant does not present any specific circumstances other than his medical conditions that would warrant compassionate release for "other reasons." (*See generally* Mov. Br.). Accordingly, Amendment 814 provides no legal basis for reducing Defendant's sentence under the "other reasons" category of "extraordinary and compelling reasons" for compassionate release. *See Castillo*, 2024 WL 453608, at *5.

### B.   § 3553(a) Factors

Even if the Court were to find that Defendant's reasons for compassionate release were "extraordinary and compelling," Defendant's motion would not succeed based on consideration of the 18 U.S.C. § 3553(a) factors. The applicable § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

8

>> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a); *United States v. Brown*, No. 07-0019, 2020 WL 2466081, at *4 (D.N.J. May 13, 2020). And "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a).

As the Court noted in its June 2021 Opinion denying Defendant's motion for compassionate release, the nature and circumstances of the offense warrant against compassionate release. (D.E. No. 127 at 6–7). As the Court outlined in its prior Opinion, Defendant was arrested on November 12, 2013, for his involvement in distributing large amounts of heroin in Newark, New Jersey. (*Id.* at 6 (citing Presentence Investigation Report ("PSR") ¶¶ 9–26)). After agents arrived at the apartment where Defendant and his co-conspirators distributed heroin, they knocked on the door and announced their presence. (*Id.* (citing PSR ¶ 25)). Defendant and others then fled in a car and while attempting to drive away, Defendant accelerated towards a police officer, who had to jump out of the way to avoid being struck. (*Id.* at 7 (citing PSR ¶¶ 14–15)). Defendant shortly thereafter hit a tree, which allowed the police to apprehend him, and the police recovered between one and three kilograms of heroin. (*Id.* (citing PSR ¶¶ 15 & 30–31)). His offense—distributing and conspiring to distribute large amounts of heroin—is a serious crime deserving of severe punishment. (*Id.*). And, as the government pointed out in the sentencing hearing before Judge Linares, China has likely "played some part in destroying" his community—"not just the addict who buys drugs from him, but those addicts' families and the community at large." (*Id.*

9

(citing Sentencing Tr. at 10:4–11)).  Moreover, the fact that he almost seriously injured a police officer while attempting to escape makes him more culpable. (*Id.*).

Further, as the Court noted in its June 2021 Opinion, the history and characteristics of Defendant do not excuse his conduct and, if anything, counsel against release. (*Id.*).  While the Court notes that Defendant had a difficult upbringing—according to his presentence report and the sentencing transcript, he was born into poverty, may have been a ward of the State at some point in his life, and entered the drug trade at a young age—the crimes he committed became progressively worse until his most recent arrest. (*Id.*).  He was arrested in almost every year of his life between ages 18 and 27.  (*Id.* (citing PSR ¶¶ 52–66)).  When he was sentenced by Judge Linares on December 16, 2015, he appropriately received a career offender designation.  (*Id.*).  As the Court noted in its prior Opinion, the Defendant's original sentence of 232 months of imprisonment reflected the seriousness of the offense, both in light of the offense itself and his criminal history.  (*Id.*).  His term of imprisonment serves a deterrent effect on future potential heroin distributors, and, considering his criminal history, his continued incarceration is appropriate to protect the public from his future lawbreaking. (*Id.* at 7–8).

Further, as the Court noted in its June 2021 Opinion, Defendant has not served a substantial enough portion of his sentence.  (*Id.*).  "Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors."  *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).  As noted, Defendant was sentenced to serve 262 months in prison and has an estimated release date of July 22, 2032.  Releasing him now would be an extraordinary departure

10

from the sentence Judge Linares imposed. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming denial of compassionate where the defendant sought to reduce a 30-year sentence into a 14-year sentence); *United States v. Santiago*, No. 05-0032, 2021 WL 311877, at *4 (E.D. Pa. Jan. 29, 2021) ("He has served 195 months, or approximately 62%, of his 319-month sentence. Granting a sentence reduction would severely undermine the statutory purposes of punishment.").

In sum, consideration of the § 3553(a) factors counsels against granting China compassionate release.

### IV.   CONCLUSION

Based on the foregoing, Defendant's motion (D.E. No. 163) is **DENIED**. An appropriate Order follows.

Dated: April 22, 2024                                           *s/ Esther Salas*
                                                                                       **Esther Salas, U.S.D.J.**